UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDRE KYSHAWN WATERS, | ) | CASE NO. 4:07 CV1958 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Pro se petitioner Andre Kyshawn Waters filed a petition for writ of habeas corpus in the United States District Court for Middle District of Tennessee pursuant 28 U.S.C. § 2241 on June 11, 2007. The petition, filed against the United States, Federal Bureau of Prisons and the United States Marshal Service, asserts Mr. Waters is being denied credit for time served. Upon initial review, the Middle District Court of Tennessee determined that because Mr. Waters was incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, it lacked the requisite personal jurisdiction over his custodian. Accordingly, the court issued an order, dated July 2, 2007, transferring the petition to this court pursuant to 28 U.S.C. §§ 115(a) and 1404(a).

The above-captioned case was filed in this court on July 2, 2007. The matter is now before this court for review. Mr. Waters seeks an order from this court awarding him credit on his

federal prison term for the time he spent in state custody.

*Background*

Petitioner was arrested by the New York State police on August 14, 1997. It appears that he remained incarcerated in the State of New York until an Order to produce petitioner <u>ad prosequendum</u> was issued by the District Court for the Middle District of Tennessee on December 22, 1997. The Order was issued after an indictment was filed in that court against Mr. Waters charging him with armed bank robbery, using/carrying a firearm and aiding and abetting. See <u>United States v. Waters</u>, No. 3:95-cr-0095 (M.D. Tenn. 1995).

The federal judge in Tennessee sentenced petitioner to 120 months imprisonment on February 12, 1999. He was transferred back to a New York State prison on March 8, 1999 to await sentencing by the state court. A sentence of 7 ½ - 15 years imprisonment was imposed by the state on March 31, 1999. The state court ordered his sentence to run concurrent with the federal sentence imposed in February 1999.

On April 26, 1999, the State of New York Department of Correctional Services sent a letter to the United States Marshal Eastern District of New York acknowledging a detainer warrant that the Marshal Service in Georgia lodged against Mr. Waters on March 8, 1999. The letter noted that the Marshal's office would be notified prior to the release of petitioner.

Mr. Waters states that he was released on parole by the state of New York on January 23, 2007. As a result of the detainer lodged against him, petitioner was released to the custody of the United States Marshal Service upon the expiration of his state sentence. Mr. Waters started serving the remainder of his federal sentence at N.E.O.C.C.

Mr. Waters now complains that he should no longer be in prison. It is his contention

that the Sentencing and Commitment order from New York proves that his state sentence was ordered to run concurrently with his federal sentence. Thus, he believes that all of the time he spent in state custody should be credited to his federal sentence. The heart of his claim is best summarized by the following quote:

> Exhibit "D" - A copy of detainer sent to U.S. Marshals' Eastern District informing them of my sentencing and release dates from state custody (which proves U.S. Marshal left me in state custody knowing I was sentenced to concurrent time thus relinquishing their jurisdiction. I was forced to remain in state custody due to no fault of my own. All state time should count toward federal sentence.)

(Pet. at 1.) It is based on this reasoning that Mr. Waters argues that the respondents have failed to properly credit his federal sentence.

*Jurisdiction*

Courts have uniformly held that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). Therefore, inasmuch as Mr. Waters was located at N.E.O.C.C. at the time he initially filed his petition, and the warden at N.E.O.C.C. is his proper custodian, see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 495 (1973)(court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian), this court had personal jurisdiction over his custodian at the time he originally filed this petition.[1] Id.

---

[1] Since the date of transfer, Mr. Waters was relocated to F.C.I. Jessup in Jessup, Georgia. The transfer of a prisoner without court authorization, however, does not affect the court's subject matter jurisdiction over the case. See Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979).

3

*Sentencing Credit*

Under the relevant statute it provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b)(2006). After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. United States v. Wilson, 503 U.S. 329, 335 (1992). Moreover, the legislative history of section 3585(b) states:

> Subsection (b) provides that the defendant will receive credit towards the sentence of imprisonment for any time he has spent in official custody prior to the date the sentence was imposed where the custody was a result of the same offense for which the sentence was imposed or was a result of a separate charge for which he was arrested after the commission of the current offense. No credit would be given

> if such time had already been credited toward the service of another sentence.

S.Rep. No. 225, 98th Cong.2d Sess. 128-129, reprinted in 1984 U.S.Code Cong. & Admin.News 3312 (footnotes omitted) (emphasis added).  The court is unaware whether Mr. Waters received credit towards his state sentence for the time period in which he was in Tennessee pursuant to a writ of habeas corpus ad pro sequendum. What is clear is the fact that federal regulations have afforded prisoners, like Mr. Waters, administrative review of the computation of their credits.  See 28 C.F.R. §§ 542.10-542.16; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990).  Prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 336 1544, 1546  (11th Cir. 1989);  United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988).

*Exhaustion of Administrative Remedies*

It is well established that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th  Cir.1991); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). While the exhaustion procedure for a § 2241 petitioner is not a statutory (i.e. "PLRA") requirement, but a judicially created requirement, see Wesley v. Lamanna, No. 01-3426, 2001 WL 1450759 (6th Cir.  Oct.  30, 2001), the Sixth Circuit has noted that "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." Urbina v. Thoms, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (quoting Taylor v. United States, No. 95-5150, 1995 WL 460512 (6th Cir. Aug.2,1995)).  Thus, the courts

5

have held that "[o]nly after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. United States v. Oglesby, No. 02-3143, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992).

It is abundantly clear that Mr. Waters has not attempted to exhaust his administrative remedies.  Furthermore, he has not argued that the prospect of exhaustion would be futile.  See Aron v. LaManna, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing McKart v. United States, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982)).  Thus, the case is ripe for dismissal without prejudice.

*Conclusion*

Based on the foregoing, the petition is dismissed without prejudice for failure to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 10/26/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE